# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | DOCKET NO. 3:19-CR-220-08 |
| | ) | JUDGE VARLAN |
| | ) | |
| SHERIKA SHARDE FREEMAN | ) | |

## SENTENCING MEMORANDUM

Comes now Defendant Sherika Freeman, by and through counsel, and files her sentencing memorandum and would show this Honorable Court the following:

### Statement of Law

The Supreme Court transformed the Sentencing Guidelines from a mandatory scheme into an advisory resource in *United States v. Booker*, 543 U.S. 220 (2005). In the post-*Booker* world, the district court must consider the applicable advisory Guidelines range, as well as the other factors listed in 18 U.S.C. § 3553(a), *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006). The district court's sentence must be reasonable. *Id*. Any sentence must be "sufficient, but not greater than necessary" to comply with the purposes set forth in § 3553(a). 18 U.S.C. § 3553(a)(2).

The district court should not presume a sentence within the Guidelines range is reasonable per se. *Gall v. United States,* 552 U.S. 38, 50 128 S. Ct. 586 (2007). Instead, the sentencing court should make an individualized assessment based on the facts of the case and a thorough review of the §3553(a) factors. *Id.* The sentencing judge has familiarity with the case

and the defendant, thus is in a better position to find facts and evaluate their import under §3553(a). *Kimbrough v. United States,* 552 U.S. 85, 109, 128 S. Ct. 558 (2007).

## Legal Analysis

Pursuant to 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(D), Ms. Freeman is subject to a statutory term of not more than 5 years imprisonment. Ms. Freeman's potential sentence under the advisory Sentencing Guidelines produces an adjusted offense level of 8 and a criminal history category I, whereby yielding a recommended imprisonment range of 0 to 6 months. Since the applicable guideline range is in Zone A, a sentence of imprisonment is not required. The offense is a Class D felony, so Ms. Freeman is eligible for not less than 1 nor more than 5 years of probation.

## Conclusion

Ms. Scott respectfully requests that this Honorable Court impose a term of probation of no more than 2 years. This would be a sentence that is sufficient but not greater than necessary to meet the statutory purposes of sentencing. This is a prison sentence which is necessary for just punishment, deterrence, and protecting the community. Anything more, however, would be greater than necessary given her lack of criminal history and minimal role in this conspiracy.

Respectfully submitted this the 23rd day of February, 2021.

By: s/Jonathan S. Wood
Jonathan S. Wood (BPR # 020342)
Attorney for Sherika Freeman
P.O. Box 23857
Knoxville, TN 37933-1857
(865) 675-4830

**CERTIFICATE OF SERVICE**

      I do certify that on the 23rd day of February, 2021, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                              s/Jonathan S. Wood